**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL SATURN,** | § | |
| | § | |
| **V.** | § | |
| | § | **CAUSE NO. A-16-CA-505-LY** |
| **LILLIAN BARNETT,** | § | |
| **BRIAN D. ADKINS, AND** | § | |
| **WILLIAMSON COUNTY, TEXAS.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Williamson County's Motion to Dismiss for Failure to State a Claim

for Relief (Dkt. No. 31); Plaintiff's Objection to Motion to Dismiss (Dkt. No. 41); Williamson

County's Amended Motion to Dismiss for Insufficiency of Service of Process (Dkt. Nos. 38);

Plaintiff's Objection (Dkt. No. 43); Bryan D. Adkins' Motion to Dismiss or for Partial Dismissal for

Failure to State a Claim (Dkt. No. 37); and Plaintiff's Response (Dkt. No. 42).  The District Court

referred the above motions to the undersigned Magistrate Judge for a report and recommendation

pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I.  BACKGROUND[1]**

Daniel Saturn brings this § 1983 case against his neighbor Lillian Barnett, Williamson

County, Texas, and Williamson County Deputy Sheriff Brian D. Adkins. He alleges violations of

his Fourth and Fourteenth Amendment rights.  He also alleges that Adkins and Barnett entered into

a conspiracy to violate his rights pursuant to § 1983.

---

[1]Because the case is before the Court on motions to dismiss for failure to state a claim, the facts set forth here, taken from Saturn's Third Amended Complaint (Dkt. No. 18), are presumed true.

This case arises from a land dispute between rural neighbors. Saturn complains that on January 17, 2014, Lillian Barnett's father, Billy Maddox, who is now deceased, tried to place a telephone pole on his property, over which Saturn has an easement for "ingress and egress."[2]  Saturn believed the pole interfered with his legal rights to the easement, so he called the Williamson County Sheriff, and Deputy Adkins responded.  When Saturn interfered with the construction of the pole, Adkins ordered Saturn to move, and allowed Maddox to dig the hole. Saturn alleges that Adkins threatened to arrest him if he did not move out of the way, and stated he would arrest him if he tampered with the post.[3]

Additionally, Saturn alleges that he replaced a culvert that was present on the easement, and Barnett disputes whether he had any legal rights to do so. On February 25, 2014, Lillian Barnett called the Williamson County Sheriff to complain about the culvert, which Saturn submits is evidence of a conspiracy.  Further, Saturn relates that on April 21, 2014, he was driving on the easement when he ran over an electric wire, which he alleges was put in place by the Maddox family to harass him. Saturn called the Williamson County Sheriff to complain, alleging criminal mischief. Edward Barnett, Lillian Barnett's husband, drove by and explained that his family owned the easement and could do anything they wanted. Saturn pulled out a copy of the easement and cited a portion allowing "free and uninterrupted passage." Saturn claims that Barnett tried to grab his hands,

---

[2]From the pleadings it appears that Saturn misunderstands the property rights granted by an easement.  Black's Law Dictionary defines "easement" as "an interest in land *owned by another person*, consisting in the right to use or control the land, or an area above or below it, *for a specific limited purpose*."  BLACK'S LAW DICTIONARY, (10th ed. 2014) (emphasis added).  Thus, the particular easement here grants Saturn the right to cross Barnett's property for the limited purpose of entering or leaving his property; it gives him no other property rights.

[3]Saturn refers to this as part of the "Adkins-Barnett-Maddox Family scheme or conspiracy to deprive Plaintiff of the full use of his easement, under color of law, without due process."

and that Saturn was injured. He claims that Barnett again approached him, but he pulled out pepper spray and a dash cam. Deputy Adkins arrived, and, Saturn alleges, declined to do anything about the "assault with battery and injury committed by Mr. Barnett on a senior citizen." Adkins also declined to do anything about the damage sustained by Saturn's truck by the wire in the easement. Instead, Saturn complains, Adkins asked Saturn why the culvert had been pulled out against his orders, and said he was checking with the Road and Bridge Department and would be back to arrest him if he had destroyed County property.

Saturn alleges that Deputy Adkins altered his notes about the April 21, 2014, incident, and created a false report of an April 25, 2014, incident, in which Barnett complained that Saturn had committed criminal mischief when he drove across the wire, allowing cattle out of a contained area. Saturn accuses Adkins, Maddox (now deceased) and Barnett, of "concoct[ing] their scheme to teach [Saturn] a lesson." He asserts that working together, they created a false affidavit which was used to mislead a judge into issuing an arrest warrant for Saturn. Saturn claims that Deputy Adkins chose to accept that Maddox "owned" the easement, when Saturn asserts it belongs to him.

On April 29, 2014, Adkins swore out a criminal complaint against Saturn for the destruction of the electric wire fencing. On August 12, 2014, Deputy Adkins arrested Saturn based on the April 25, 2014, criminal mischief complaint. Saturn complains that Adkins applied the handcuffs too tightly, that because he is 292 pounds and six feet four inches, he did not fit into the police vehicle, and he fell onto his face into the vehicle with his hands cuffed behind his back. Saturn asserts he should have been afforded special accommodations because of his size and age. Saturn asserts that the criminal complaint against him was ultimately dismissed for insufficient evidence.

3

Saturn alleges a 42 U.S.C. § 1983 civil conspiracy by Lillian Barnett and Adkins to violate his Fourth Amendment rights in making out a false arrest warrant affidavit. He alleges that this caused an arrest warrant to be issued by a judge, thereby depriving him of his Fourteenth Amendment right to due process. Saturn also complains that his Fourteenth Amendment right to equal protection under the law "afforded to citizens of a more diminutive stature" was violated when he was forced to ride in a vehicle he did not fit into, and where he was forced to lie down. Saturn alleges this "cruel and inhumane treatment" was Williamson County's policy or custom which "denies very tall and severely obese citizen . . . fourteenth amendment equal protection standards."

Defendants Adkins and Williamson County have moved to dismiss Saturn's complaint. Lillian Barnett, who is not represented by counsel, has answered, but has not filed any motion to dismiss the claims against her.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a

4

formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court generally is not to look beyond the pleadings in deciding a motion to dismiss. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### III. ANALYSIS

#### A.    Claims Against Bryan D. Adkins

Saturn argues that Deputy Adkins violated 42 U.S.C. § 1983, when he: (1) helped create a false affidavit which was used to mislead a judge or magistrate into issuing an arrest warrant depriving Saturn of due process and violating his Fourth and Fourteenth Amendment rights; (2) treated Saturn cruelly and inhumanely during the arrest by applying the handcuffs too tightly and causing Saturn to fall into the back seat of a vehicle in which he was too large to ride; and (3) maliciously prosecuted Saturn.

#### 1.    Creation of False Affidavit Leading to a False Arrest

Saturn alleges that Adkins made a false statement in the Felony Complaint against Saturn, thereby depriving him of his Fourth and Fourteenth Amendment rights. Dkt. No. 18 at 28. A citizen

has a right under the Fourth Amendment to be free from arrest unless the arrest is supported by either a properly issued arrest warrant or probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Under the Fourth Amendment, an arrest is reasonable if supported by probable cause." *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 625 (5th Cir. 2006).

A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police intentionally fabricate evidence and successfully get someone falsely charged . . . and [2] the Fourth Amendment is unavailing." *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015) (reversed on other grounds). The fabrication must be intentional and must be done by an official. *See id.* at 767. To allege intentional police fabrication, the plaintiff must make more than conclusory allegations. *Id.* In addition to showing intentional police fabrication, the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment. Typically, if the manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The right to be free from arrest absent probable cause is protected under the Fourth Amendment, and therefore it generally cannot be brought as a Fourteenth Amendment due process claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). In limited circumstances, an individual may have a due process claim for actions taken prior to trial. *Cole*, 802 F.3d at 764; *O'Dwyer v. Nelson*, 310 Fed. Appx. 741, 745 (5th Cir. 2009)) (emphasis in original).

In this case, Saturn's pleadings reflect that the charges against him were dropped. Therefore, the Court analyzes his false arrest claim pursuant to the Fourth Amendment. In order to support a claim for an unlawful arrest, Saturn must plead sufficient facts to support that he was arrested without probable cause. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 482 (5th Cir. 1999). Undisputed evidence that an arrest was carried out under a facially valid arrest warrant satisfies the requirements of the Fourth Amendment and forecloses a § 1983 claim for false arrest. *Baker v. McCollan*, 443 U.S. 137, 139 (1979). The Fifth Circuit has explained that "where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest; such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

Arrest without probable cause includes the situation where an officer knowingly submits a false affidavit in order to obtain an arrest warrant. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). An affidavit is "falsified" if it includes untrue statements that establish probable cause, or omits true statements, which if included, would vitiate probable cause. *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006). The Fifth Circuit has held that even an officer who acts with malice in procuring a warrant will not be liable if the facts supporting the warrant are put before an impartial intermediary such as a magistrate. *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). The intermediary's impartial decision is said to "break the causal chain" and insulate the initiating party. *Id.* (citations omitted). The causal chain is broken, however, only where the malicious motive of the affiant officer does not lead them to withhold any relevant information from the magistrate. *Malley v. Briggs*, 475 U.S. 335, 345 n. 7 (1986); *Hand v. Gary*, 838 F.2d 1420, 1427–28 (5th Cir. 1988).

7

Any misdirection of the magistrate by omission or commission perpetuates the taint of the original official behavior. *Hand*, 838 F.2d at 1427–28.

In this case, Saturn alleges that Adkins' Felony Complaint Affidavit contains false statements thereby undermining the probable cause of the warrant issued by a judge.  Foremost among these are Adkins' statement that he was dispatched on "4/25/2014 to 2385 CR 224, Florence regarding Criminal Mischief to cattle fencing."  Dkt. No. 37-1.  Saturn's allegation of falsity is based upon the fact that Adkins' Incident Report for 4/25/2014 notes the time reported as "7:36" and that it is entitled "Supplemental."  He claims that the report must be fraudulent because the record shows the call came in from Lillian Barnett at the same time as the report. In essence, he asserts that Adkins and Barnett never met on that date and invented the call based upon Saturn's own prior report. However, the record before the Court shows that a call was made on April 25, 2014, at 7:36 and that the "time reported" on the incident report is "7:36," which is not any kind of indicia of falsity. Saturn's conclusory arguments of falsity are not supported by the uncontroverted pleadings.  The mere fact that Barnett made a criminal complaint on a different date than Adkins received the initial call from Saturn and the fact that the entry was denominated "supplemental" does not render the supplemental incident report false.

Saturn additionally argues that Adkins gave a false statement when he stated he believed that Saturn damaged property when he ran over the electric fence and allowed cattle out of the containment area. The pleadings of all parties state that Saturn ran over the electric wire and damaged it. Whether or not cattle were allowed off the property is immaterial to the probable cause required to make out a criminal mischief complaint for the damaged wire.  However, Saturn's pleading states that "there might have been cows owned by Lillian Barnett on the property from time

to time, but only horses owned by Lillian's sister, Tosca Maddox, and no cows were seen on that land during the week of April 21-25." Dkt. No. 18 at 16. Thus Saturn undermines his own claim that their was no livestock on the property, and his allegation of falsity. To establish a lack of probable cause, Saturn must "affirmatively show[ ]" that the defendants tainted the intermediary's decision. *Craig v. Dallas Area Rapid Transit Auth.*, 504 Fed. Appx. 328, 332 (5th Cir. 2012); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). In this case, Saturn has failed to identify any actual material false statements in Adkin's sworn statement, only offering his own conclusory beliefs of their falsity. And because the intermediary's deliberations protect even officers with malicious intent, *Hand*, 838 F.2d at 1427, the fact that an officer "harbored ill-will toward" the defendant does not suffice, *Craig*, 504 Fed. Appx. at 333. Saturn has failed to sufficiently plead that Adkins knowingly presented false information to the judge, failed to adequately plead facts supporting that his arrest was without probable cause, and thus his claims of false arrest fail.

## 2.   Malicious Prosecution

Saturn also sues Adkins for malicious prosecution, based upon the Felony Complaint, which charged Saturn with criminal mischief. There is no freestanding section 1983 claim for malicious prosecution in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Any pleading asserting a section 1983 claim based on malicious prosecution must clearly identify the constitutional violations asserted. *Id.* at 945. Saturn alleges that his Fourth and Fourteenth Amendment rights were violated because he was arrested without probable cause.

The Fifth Circuit has rejected Fourth Amendment claims connected to malicious prosecution where there was probable cause for the arrest, *see, e.g., Travis v. City of Grand Prairie*, ___ Fed.Appx. ____, 2016 WL 3181392, at *2 (5th Cir. June 7, 2016); *Cuadra v. Houston Indep. Sch.*

*District*, 626 F.3d 808, 813 (5th Cir. 2010);*Carter v. Godfrey*, 108 Fed. Appx. 850, 852 (5th Cir. 2004), or where no prolonged detention accompanied the allegedly wrongful prosecution, *see, e.g., Cuadra*, 626 F.3d at 813; *Bloss v. Moore*, 269 Fed. Appx. 446, 448 (5th Cir. 2008). Saturn has failed to plead that he was subjected to a prolonged incarceration and, as analyzed above, has failed to adequately plead a lack of probable cause for his arrest. Any Fourth Amendment malicious prosecution claim he might bring fails as a matter of law.

Additionally, to the extent that Plaintiff attempts to state a constitutional claim for malicious prosecution under the Fourteenth Amendment, Supreme Court precedent requires the Court to reject this claim. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality decision) ("We hold that it is the Fourth Amendment, and not substantive due process, under which petitioner['s] claim must be judged."). Accordingly, Saturn's malicious prosecution claims under the Fourth and Fourteenth Amendment fail to state a claim.

### 3.      Constitutional Claims Relevant to Arrest

Saturn pleads that he was subject to cruel and unusual punishment when Adkins arrested him because he was cuffed, fell onto the seat on his face and was forced to ride supine in Adkins' vehicle, because of his size. Dkt. No. 18 at 13.  While Saturn's Third Amended Complaint asserts that Adkins' use of excessive force violated his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, the Court notes that this excessive force claim is governed only by the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."); *Natale v. Camden Cty. Corr. Fac.*, 318 F.3d 575,

10

582 (3d Cir. 2003) (the Eighth Amendment only applies to convicted prisoners). Because Plaintiff is proceeding pro se, the Court liberally construes his complaint as setting forth a Fourth Amendment claim, despite his confusion of legal theories. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Saturn complains about his treatment after he was arrested but while he was still riding in the law enforcement vehicle. To succeed on a Fourth Amendment excessive force claim under § 1983, a plaintiff must show "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Goodman v. Harris County*, 571 F.3d 388, 397 (5th Cir. 2009). In this case, Saturn complains that "being forced to lie in a tiny back seat with agonizing pain in wrists is cruel and inhumane treatment." Dkt. No. 18 at 32. Courts have held that handcuffing a suspect too tightly, without more, does not amount to excessive force. *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010); *see also Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (holding that minor, incidental injuries that occur in connection with the use of handcuffs during arrest do not give rise to a constitutional claim for excessive force). While Saturn complains about wrist pain he suffered while cuffed, and discomfort from lying in the back seat, he does not identify any other injury. Because Saturn has pled only de minimis injuries, he has failed to state a claim for a constitutional deprivation sufficient to make out an excessive force claim.

### 4.     Conspiracy

Saturn alleges that Adkins and Barnett entered into a § 1983 conspiracy when they "hatched out a plan to . . . arrest Plaintiff for breaking a wire." Dkt. No. 18 at 30. "[I]n order to succeed on a § 1983 conspiracy claim, a plaintiff must show: 1) an agreement between the alleged conspirators to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Navarro v. City of*

11

*San Juan*, 624 Fed.Appx. 174, 179 (5th Cir. 2015) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).  It is well settled that "'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."  *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989).  Because, as discussed above in detail, Saturn has not shown a violation of his constitutional rights by Adkins, the underlying conspiracy claim fails as a matter of law.

**B.     Saturn's Claims Against Williamson County**

Williamson County moves to dismiss Saturn's claims against it for insufficient service of process and for failure to state a claim.  Saturn, after several tries, and on this Court's Order, eventually served Williamson County successfully, and the insufficiency of service of process argument is now moot.

Saturn brings all of his claims against Williamson County pursuant to § 1983.  A county is liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ."  *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).  This requires proof of an official policy or custom created (or known of) by a policymaker, that was the "moving force" of a constitutional violation.  *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  The "policy or custom" requirement of a § 1983 claim can be satisfied with proof of:

> (1) a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).  Allegations describing the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must set out specific facts.  *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997).  Saturn's only claims against Williamson County revolve around his arrest.  He basically complains that he was forced to ride in the back of a vehicle that was too small for him and that handcuffs were placed too tightly on his wrists. Additionally, he complains that Williamson County issued an arrest warrant instead of a summons, violating his right to be presumed innocent, which he  alleges is implied in the Fourth, Sixth, Eighth, and Fourteenth Amendments.[4]

Saturn has failed to identify any policy statement, ordinance, regulation or decision that resulted in his uncomfortable ride.  Further, other than his own arrest, he has pled no other instance of the treatment he complains of, and thus has not alleged a persistent, widespread practice of County officials or employees which is so common and well settled as to constitute a custom that fairly represents municipal policy. Generally, "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy."  *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.1992).  Because Saturn has failed to plead a policy or custom that caused his injuries, he has failed to state a claims against Williamson County.

## C.      Claims against Lillian Barnett

Saturn asserts that his neighbor, Lillian Barnett, acted under color of state law to deprive him of his Fourth Amendment right to be secure from unreasonable seizure, and of his Fourteenth

---

[4]Saturn completely fails to identify any violation of the Sixth Amendment—which creates the right to a speedy trial with an impartial jury where he may confront witnesses and have the assistance of counsel.   Further, the Eighth Amendment is only applicable to prisoners. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006).

Amendment right to due process. His factual support for this claim is that she allegedly falsely informed Deputy Adkins that she owned the easement property, that she owned the cattle, that the cattle were let out of the containment area due to Saturn's damage of the wire, and that this inconvenienced her. Dkt. No. 18 at 23. Lillian Barnett has filed a *pro se* answer. Rule 12(b)(6) permits the Court to dismiss an action *sua sponte* if the pleadings, taken as true, fail to state a cognizable constitutional violation. *Hodson v. Moore*, 2016 WL 5341926 (S. D. Tex. Sept. 23, 2016); *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005).

Section 1983 can be applied only to individuals who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. Generally, then, a suit under § 1983 cannot be brought against a private person acting in a private capacity. A non-state, or private actor can, however, be held liable under a § 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [claimant's] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008). Because, as discussed above in detail, Saturn has failed to plead sufficient facts to support a violation of his constitutional rights, the underlying conspiracy claim against Barnett fails.

## IV. RECOMMENDATION

In light of the foregoing the undersigned **RECOMMENDS** that the district judge **DENY** Williamson County's Amended Motion to Dismiss for Insufficiency of Service of Process (Dkt. Nos. 38). The Court **FURTHER RECOMMENDS** that the district judge **GRANT** Williamson County's Motion to Dismiss (Dkt. No. 31) and Bryan D. Adkins' Motion to Dismiss (Dkt. No. 37), and **DISMISS** all claims against Adkins and Williamson County WITH PREJUDICE. Additionally, the

Court **RECOMMENDS** that the district judge *sua sponte* **DISMISS** all of the claims against Lillian Barnett WITH PREJUDICE.  If these recommendations are adopted, it will close this case.  In that event, the undersigned also **RECOMMENDS** that the district judge **DISMISS** all remaining motions as moot.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of December, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE